## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT AND DIANN MILLER, | : | Case No.: |
| 6260 Foxwood Court | | |
| Mentor, OH 44060 | : | **COMPLAINT** |
| | | |
| Plaintiffs, | : | **Jury Demand Endorsed Hereon.** |
| | | |
| vs. | : | |
| | | |
| TRANS UNION, LLC, | : | |
| a foreign limited liability company | | |
| c/o Corporation Service Company | : | |
| 50 West Broad Street, Suite 1330 | | |
| Columbus, OH 43215 | : | |
| | | |
| EXPERIAN INFORMATION SOLUTIONS, | : | |
| INC., | | |
| an Ohio corporation | : | |
| c/o CT Corporation Systems | | |
| 4400 Easton Commons Way, Suite 125 | : | |
| Columbus, OH 43219 | | |
| | : | |
| and | | |
| | : | |
| USAA FEDERAL SAVINGS BANK, | | |
| a Texas company, | : | |
| 10750 McDermott Fwy | | |
| San Antonio, TX 78244 | : | |
| | | |
| Defendants. | : | |
| | | |
| | : | |

**NOW COME THE PLAINTIFFS, VINCENT AND DIANN MILLER, BY AND THROUGH COUNSEL**, **RICHARD P. GABELMAN**, and for their Complaint against Defendants pleads as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in Lake County, Ohio as the transactions and occurrences which give rise to this action occurred in Mentor, Ohio.

## PARTIES

4. Diann Miller and Vincent Miller are individuals residing in Mentor, Ohio in Lake County. Diann and Vincent are husband and wife.

5. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in Ohio.

6. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation that conducts business in Ohio.

7. USAA Federal Savings Bank ("USAA") is a Texas company that conducts business in Ohio.

## GENERAL ALLEGATIONS

8. USAA is inaccurately reporting its trade line ("Errant Trade Line") on Plaintiffs' credit reports ("Errant Trade Lines") as follows:

   a. USAA is inaccurately reporting its trade line on Vincent Miller's Trans Union and Experian credit reports; and

   b. USAA is inaccurately its reporting its trade line on Diann Miller's Trans Union credit report.

9. USAA is reporting an erroneous late payment in May 2017 on each of the Errant Trade Lines. The Errant Trade Line should be reported by USAA with no late payments.

10. Plaintiffs have three obligations to USAA. One is for a joint Home Equity Loan, one is for a joint Unsecured Loan, and the other is a Visa credit card belonging to Mrs. Miller.

11. The account reflected by the Errant Trade Line is for the Home Equity Loan account.

12. USAA automatically debits $547.00 from Plaintiffs' bank account each month for their monthly obligation to USAA on the Home Equity Loan account.

13. In 2004, Plaintiffs set up an automatic payment withdrawal for the Home Equity Loan account from their joint bank account at Citizens Bank.

14. On or about April 20, 2017, Mrs. Miller inadvertently paid $970.16 toward the Home Equity Loan account when she intended to make that payment toward her other USAA account, which was the Visa credit card account.

15. Mrs. Miller called USAA that day and spoke with a representative. The representative told her that the correction was made and that the $970.16 was applied towards the Plaintiff's Visa credit card account.

16. Unfortunately, USAA failed to make the withdrawal for Plaintiffs' scheduled monthly payment for the Home Equity Loan account.

17. Plaintiffs were forced to make a separate payment in June 2017, to cover the payment that USAA had previously agreed to withdraw in May 2017.

18. Except for that instance, the payments for the USAA account have been regularly debited from their account each month for the past 13 years and Plaintiffs have never been late.

19. On September 22, 2017, Plaintiffs obtained their Experian and Trans Union credit files and noticed USAA reporting the Errant Trade Line with an erroneous late payment in May 2017. Mrs. Miller also noticed USAA inaccurately reporting an erroneous late payment reporting in June 2017.

20. On or about October 2, 2017, Plaintiffs individually submitted a letter to Trans Union and Experian disputing the Errant Trade Line.

21. On or about February 23, 2018, Plaintiffs individually submitted another letter to Trans Union disputing the Errant Trade Line.

22. On or about March 9, 2018, Plaintiffs individually submitted another letter to Experian disputing the Errant Trade Line.

23. In each of their aforementioned dispute letters, Plaintiffs explained that they made a payment toward the wrong USAA account in May 2017. Furthermore, Plaintiffs stated that their payments have been automatically debited from their account each month for the past 13 years and attached the automatic debit authorization form and their bank statements.

24.  Plaintiffs asked Trans Union and Experian to remove the erroneous late payment on the Errant Trade Line.

25. Upon information and belief, Trans Union and Experian forwarded all of Plaintiffs' consumer disputes to USAA.

26. On March 14, 2018, Mr. Miller received Trans Union's investigation results, which showed that USAA and Trans Union failed or refused to remove the late payment remark in May 2017 on the Errant Trade Line.

27. On March 20, 2018, Mrs. Miller received Trans Union's investigation results, which showed that USAA and Trans Union failed or refused to remove the late payment remark in May 2017 on the Errant Trade Line.

28. On March 20, 2018, Mr. Miller received Experian's investigation results, which showed that USAA and Experian failed or refused to remove the late payment remark in May 2017 on the Errant Trade Line.

29. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and

emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY USAA

30. Plaintiffs reallege the above paragraphs as if recited verbatim.

31. After being informed by Trans Union and Experian of Plaintiff's consumer dispute of the Errant Trade Line, USAA negligently failed to conduct a proper investigation of Plaintiffs' dispute as required by 15 U.S.C. § 1681s-2(b).

32. USAA negligently failed to review all relevant information available to it and provided by Trans Union and Experian in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct Trans Union and Experian to remove the erroneous late payment on the Errant Trade Line.

33. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiffs' consumer credit file with Trans Union and Experian to which it is reporting such trade line.

34. As a direct and proximate cause of USAA's negligent failure to perform its duties under the FCRA, Plaintiffs' have suffered damages, mental anguish, suffering, humiliation and embarrassment.

35. USAA is liable to Plaintiffs' by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

36. Plaintiffs' has a private right of action to assert claims against USAA arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against the Defendant USAA for damages, costs, interest and attorneys' fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT<br>BY USAA

37.    Plaintiffs reallege the above paragraphs as if recited verbatim.

38.    After being informed by Trans Union and Experian that Plaintiffs' disputed the accuracy of the information it was providing, USAA willfully failed to conduct a proper reinvestigation of Plaintiffs' dispute.

39.    USAA willfully failed to review all relevant information available to it and provided by Trans Union and Experian as required by 15 U.S.C. § 1681s-2(b).

40.    As a direct and proximate cause of USAA's willful failure to perform its duties under the FCRA, Plaintiffs has suffered damages, mental anguish, suffering, humiliation and embarrassment.

41.    USAA is liable to Plaintiffs for either statutory damages or actual damages they have sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and they may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against the Defendant USAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY TRANS UNION

42.  Plaintiff realleges the above paragraphs as if recited verbatim.

43.  Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiffs as that term is defined in 15 USC 1681a.

44.  Such reports contained information about Plaintiffs that was false, misleading, and inaccurate.

45.  Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiffs, in violation of 15 U.S.C. § 1681e(b).

46.  After receiving Plaintiffs' consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

47.  As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48.  Trans Union is liable to Plaintiffs by reason of its violation of the FCRA in an amount to be determined by the trier fact together with their reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY TRANS UNION**

49.  Plaintiff realleges the above paragraphs as if recited verbatim.

50.  Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiffs as that term is defined in 15 USC 1681a.

51.  Such reports contained information about Plaintiffs that was false, misleading, and inaccurate.

52.  Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiffs, in violation of 15 U.S.C. § 1681e(b).

53.  After receiving Plaintiffs' consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

54.  As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55.  Trans Union is liable to Plaintiffs by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with their reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

8

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY EXPERIAN

56.  Plaintiff realleges the above paragraphs as if recited verbatim.

57.  Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Miller as that term is defined in 15 USC 1681a.

58.  Such reports contained information about Mr. Miller that was false, misleading, and inaccurate.

59.  Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Miller, in violation of 15 U.S.C. § 1681e(b).

60.  After receiving Miller's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

61.  As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Miller has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62.  Experian is liable to Mr. Miller by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

<u>**COUNT VI**</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**BY EXPERIAN**

63.  Plaintiff realleges the above paragraphs as if recited verbatim.

64.  Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiffs as that term is defined in 15 USC 1681a.

65.  Such reports contained information about Plaintiffs that was false, misleading, and inaccurate.

66.  Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Miller, in violation of 15 U.S.C. § 1681e(b).

67.  After receiving Mr. Miller's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

68.  As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Miller has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

69.  Experian is liable to Mr. Miller by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment against Defendant for Actual Damages; Statutory Damages; Damages for pecuniary, economic and emotional damages and loss; Attorney's Fees and the costs of this action.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by Jury.

Dated: June 28, 2018                    Respectfully submitted,

                                        */s/Richard P. Gabelman*
                                        Richard P. Gabelman. (#0074642)
                                        6071 Montgomery Rd
                                        Cincinnati, OH 45213
                                        (513) 348-4813
                                        gabelmanrich@hotmail.com
                                        *Attorney for Plaintiffs*